**BURSOR & FISHER, P.A.**
Frederick J. Klorczyk III (State Bar No. 320783)
888 Seventh Avenue
New York, NY 10019
Telephone: (646) 837-7150
Facsimile:  (212) 989-9163
E-mail: fklorczyk@bursor.com

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WESTON REED, individually and on behalf of all others similarly situated,<br><br>　　　　　　　　　　　　Plaintiff,<br>　　v.<br><br>MOLINA HEALTHCARE, INC. and CR INSURANCE GROUP, LLC,<br>　　　　　　　　　　　　Defendants. | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

CLASS ACTION COMPLAINT

Plaintiff Weston Reed ("Plaintiff") brings this action individually and on behalf of all others similarly situated, alleges the following on information and belief, except that Plaintiff's allegations as to his own actions are based on personal knowledge against Defendant Molina Healthcare Inc. and CR Insurance Group, LLC ("Defendants").

### NATURE OF THE ACTION

1. From September 2020 to March 2021, Defendant CR Insurance Group, working at the direction and on behalf of Defendant Molina Healthcare, placed at least 24 unsolicited calls to Plaintiff using an autodialer and/or an artificial or prerecorded voice. Mr. Reed did not give Defendants prior express written consent to make these calls.

2. Plaintiff brings this action for injunctive relief and statutory damages arising out of and relating to the conduct of Defendants in negligently, knowingly, and willfully contacting Plaintiff and class members on their telephones using an artificial or prerecorded voice without their express written consent within the meaning of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*. ("TCPA").

### PARTIES

3. Plaintiff Weston Reed is a resident of Redwood City, California and a citizen of the State of California.

4. Defendant Molina Healthcare, Inc. is a Delaware corporation with its principal place of business located at 200 Oceangate, Suite 100, Long Beach, California 90802.

5. Defendant CR Insurance Group LLC is a Florida limited liability corporation with its principal place of business located at 2671 NW 28th St., Miami, Florida 33142.

### JURISTICTION AND VENUE

6. This Court has subject matter jurisdiction over this action pursuant to the Class Action Fairness Act of 2005, Pub. L. No. 109-2 Stat. 4 ("CAFA"), which, *inter alia*, amends 28 U.S.C. § 1332, at new subsection (d), conferring federal jurisdiction over class actions where, as here: (a) there are 100 or more members in the proposed classes; (b) some members of the proposed classes have a different citizenship from Defendants; and (c) the claims of the proposed

class members exceed the sum or value of five million dollars ($5,000,000) in aggregate.  *See* 28 U.S.C. § 1332(d)(2) and (6).  Plaintiff also resides in this District.

7. This Court also has federal question jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves violations of a federal statute, the TCPA.

8. Venue is proper in this Court under 28 U.S.C. § 1391 because Defendants transact significant business within this District and a substantial part of the events giving rise to Plaintiff's claims took place within this District.  Plaintiff also resides in this District.

## FACTUAL ALLEGATIONS

**A.** **The Telephone Consumer Protection Act of 1991**

9. In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices.

10. Among other things, the TCPA prohibits "initiat[ing] any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party . . . ."

11. According to findings by the Federal Communications Commission ("FCC"), such calls are prohibited because prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls are costly and inconvenient.

12. The FCC has issued rulings clarifying that in order to obtain an individual's consent, a clear, unambiguous, and conspicuous written disclosure must be provided by the individual. 2012 FCC Order, 27 FCC Rcd. At 1839 ("[R]equiring prior written consent will better protect consumer privacy because such consent requires conspicuous action by the consumer—providing permission in writing—to authorize autodialed or prerecorded telemarketing calls . . . .").

**B.** **Defendants' Calls to Plaintiff and Class Members**

13. On November 27, 2013, Plaintiff registered his phone number with the National Do Not Call Registry.

14. From September 2020 to March 2021, Defendant CR Insurance called Mr. Reed on his cellular telephone from a variety of numbers, including but not limited to the following 24 calls:

**Calls to Plaintiff**

| Date | Time | Number Calling |
|---|---|---|
| 09/25/20 | 02:10 PM | (217) 679-2779 |
| 10/27/20 | 06:10 PM | (469) 452-8221 |
| 10/27/20 | 06:48 PM | (305) 760-4015 |
| 10/28/20 | 06:09 PM | (469) 722-1590 |
| 10/28/20 | 06:52 PM | (956) 982-4794 |
| 10/30/20 | 05:19 PM | (979) 859-8714 |
| 10/30/20 | 06:57 PM | (469) 328-0793 |
| 11/05/20 | 02:39 PM | (972) 479-6364 |
| 11/05/20 | 04:29 PM | (915) 747-3005 |
| 11/06/20 | 06:24 PM | (469) 965-3507 |
| 11/10/20 | 06:48 PM | (469) 682-3325 |
| 11/18/20 | 01:18 PM | (346) 977-7723 |
| 11/18/20 | 05:36 PM | (469) 653-5997 |
| 11/19/20 | 03:19 PM | (737) 205-6086 |
| 11/19/20 | 03:33 PM | (469) 722-3557 |
| 11/20/20 | 10:32 AM | (305) 964-8090 |
| 11/23/20 | 12:42 PM | (956) 550-7553 |
| 11/25/20 | 12:20 PM | (786) 765-1860 |
| 11/25/20 | 05:20 PM | (469) 760-2057 |
| 12/05/20 | 11:21 AM | (786) 765-1860 |
| 12/05/20 | 11:23 AM | (786) 765-1860 |
| 02/12/21 | 08:21 AM | (844) 477-7500 |
| 02/25/21 | 02:08 PM | (305) 964-8090 |
| 03/11/21 | 04:01 PM | (305) 964-8090 |

15. CR Insurance made these calls at the direction, and on behalf of, Defendant Molina Healthcare pursuant to a marketing contract between both Defendants.

16. Defendant CR Insurance prominently advertises its contractual relationship with Defendant Molina Healthcare on its website:



17. When Mr. Reed answered calls from Defendants, there was a pause before a recorded message began playing, indicating the use of an automatic telephone dialing system.

18. The initial pre-recorded messages were in Spanish, and translate to: "This is a very important call to assist you with the new enrollment or renewal for your insurance. Press 1 now to be transferred to a specialist or press 2 to be eliminated."

19. On November 18, 2020, Plaintiff received a call from Defendants and requested that his number be removed.

20. On several of the calls, a live operator from CR Insurance was on the line, speaking Spanish. Plaintiff does not speak Spanish and so he asked his roommate to speak to the caller who kept harassing him with unwanted calls.

21. On November 19, 2020, Plaintiff received a call from CR Insurance and Plaintiff handed the phone to his roommate who talked with a representative employed by Defendant CR Insurance. When Plaintiff's roommate expressed interest in an insurance plan, the representative replied that she had "one [option] with the Molina company." Plaintiff's roommate then provided Plaintiff's debit card payment information. The card linked to an unused debit account. Plaintiff provided CR Insurance with the debit card information because he knew that the company behind the calls would try to charge him.

22. On November 20, 2020, Plaintiff received another call from Defendant CR Insurance, asking to verify his information for the "Molina" insurance.

23. From December 2020 to January 2021, Defendant Molina Healthcare attempted to charge Plaintiff's debit card three times using the information Plaintiff provided Defendant CR Insurance on November 19, 2020:



## CLASS ALLEGATIONS

24. Plaintiff brings this action on behalf of himself and of all other persons similarly situated.

25. Plaintiff proposes the following Autodialer Class definition, subject to amendment as appropriate:

> All persons within the United States who (a) received a non-emergency telephone call; (b) on his or her cellular telephone; (c) made by or on behalf of Defendants; (d) at any time in the period that begins four years before the filing of the complaint in this action to the date class notice is disseminated.

26. Collectively, all these persons will be referred to as the "Autodialer Class." Plaintiff represents, and is a member of, this proposed class. Excluded from the Autodialer Class are the Defendants and any entities in which Defendants have a controlling interest, Defendants' agents and employees, any Judge and/or Magistrate Judge to whom this action is assigned and any member of such Judges' staffs and immediate families.

27. Plaintiff proposes the following Robocall Class definition, subject to amendment as appropriate:

> All persons within the United States who (a) received a non-emergency telephone call; (b) on his or her cellular telephone or residential telephone line; (c) made by or on behalf of Defendants; (d) at any time in the period that begins four years before the filing of the complaint in this action to the date class notice is disseminated.

28. Collectively, all these persons will be referred to as the "Robocall Class." Plaintiff represents, and is a member of, this proposed class. Excluded from the Robocall Class are the Defendants and any entities in which Defendants have a controlling interest, Defendants' agents and employees, any Judge and/or Magistrate Judge to whom this action is assigned and any member of such Judges' staffs and immediate families.

29. Plaintiff further proposes the following National Do-Not-Call List definition, subject to amendment as appropriate:

> All persons in the United States who: (a) received more than one telephone solicitation calls, (b) in a 12–month period; (c) on their cellular telephone line or residential telephone line; (d) more than 30 days after registering their telephone number(s) on the National Do

Not Call Registry; (e) where the call was made by or on behalf of any Defendant, (f) to promote any Defendant's products or services; (g) at any time in the period that begins four years before the filing of the complaint in this action to the date that class notice is disseminated.

30. Collectively, all these persons will be referred to as the "NDNC Class." Plaintiff represents, and is a member of, this proposed class. Excluded from the NDNC Class are the Defendants and any entities in which Defendants have a controlling interest, Defendants' agents and employees, any Judge and/or Magistrate Judge to whom this action is assigned and any member of such Judges' staffs and immediate families.

31. Plaintiff does not know the exact number of members in the proposed classes, but reasonably believes based on the scale of Defendants' business, that the classes are so numerous that individual joinder would be impracticable.

32. Plaintiff and all members of the proposed classes have been harmed by the acts of Defendants in the form of multiple involuntary telephone and electrical charges, the aggravation, nuisance, and invasion of privacy that necessarily accompanies the receipt of unsolicited and harassing telephone calls, and violations of their statutory rights.

33. The disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits. The proposed classes can be identified easily through records maintained by Defendants.

34. There are well defined, nearly identical, questions of law and fact affecting all parties. The questions of law and fact involving the class claims predominate over questions which may affect individual members of the proposed classes. Those common question of law and fact include, but are not limited to, the following:

    a. Whether Defendants made telephone calls to class members using an artificial or prerecorded voice without their prior express written consent;

    b. Whether Defendants' conduct was knowing and/or willful;

    c. Whether Defendants made harassing, oppressive, or abusive telephone calls;

    d. Whether Defendants are liable for damages, and the amount of such damages, and

    e.    Whether Defendants should be enjoined from engaging in such conduct in the future.

35. As a person who received numerous calls on his telephone through the use of an artificial or prerecorded voice, without his prior express written consent, Plaintiff asserts claims that are typical of each member of the classes. Plaintiff will fairly and adequately represent and protect the interests of the proposed classes, and has no interests which are antagonistic to any member of the proposed classes.

36. Plaintiff has retained counsel experienced in handling class action claims involving violations of federal and state consumer protection statutes.

37. A class action is the superior method for the fair and efficient adjudication of this controversy. Class wide relief is essential to compel Defendants to comply with the TCPA. The interest of the members of the proposed classes in individually controlling the prosecution of separate claims against Defendants is small because the statutory damages in an individual action for violation of the TCPA are relatively small. Management of these claims is likely to present significantly fewer difficulties than are presented in many class claims because the calls at issue are all automated and the members of the classes, by definition, did not provide the prior express consent required under the statute to authorize calls to their telephones.

38. Defendants have acted on grounds generally applicable to the proposed classes, thereby making final injunctive relief and corresponding declaratory relief with respect to the proposed classes as a whole appropriate. Moreover, on information and belief, Plaintiff alleges that the TCPA violations complained of herein are substantially likely to continue in the future if an injunction is not entered.

### COUNT I
### Knowing And/Or Willful Violations Of The Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*

39. Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if fully stated herein.

40. The foregoing acts and omissions of Defendants constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each of the above-cited

provisions of 47 U.S.C. § 227 *et seq.*

41. As a result of Defendants' knowing and/or willful violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and members of the proposed classes are entitled to treble damages of up to $1,500.00 for each and every call in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(C).

42. Plaintiff and members of the proposed classes are also entitled to and do seek injunctive relief prohibiting such conduct violating the TCPA by Defendants in the future.

43. Plaintiff and members of the proposed classes are also entitled to an award of attorneys' fees and costs.

## COUNT II
**Violations Of The Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.***

44. Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if fully stated herein.

45. The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227 *et seq.*

46. As a result of Defendants' violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and members of the classes are entitled to an award of $500.00 in statutory damages for each and every call in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

47. Plaintiff and members of the proposed classes are also entitled to and do seek injunctive relief prohibiting such conduct violating the TCPA by Defendants in the future.

48. Plaintiff and members of the proposed classes are also entitled to an award of attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court grant Plaintiff and all members of the proposed classes the following relief against Defendants:

    a. Injunctive relief prohibiting such violations of the TCPA by Defendants in the future;

b. As a result of Defendants' willful and/or knowing violations of the TCPA, Plaintiff seeks for himself and each member of the proposed classes treble damages, as provided by statute, of up to $1,500.00 for each and every call that violated the TCPA;

c. As a result of Defendants' violations of the TCPA, Plaintiff seeks for himself and each member of the proposed classes $500.00 in statutory damages for each and every call that violated the TCPA;

d. An award of attorneys' fees and costs to counsel for Plaintiff and the proposed classes;

e. An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing appropriate classes, finding that Plaintiff is a proper representative of the classes, and appointing the lawyers and law firm representing Plaintiff as counsel for the classes; and

f. Such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

Dated: March 16, 2021

Respectfully submitted,

**BURSOR & FISHER, P.A**.

By:   /s/ *Frederick J. Klorczyk III*
        Frederick J. Klorczyk III

Frederick J. Klorczyk III (State Bar No. 320783)
888 Seventh Avenue
New York, NY 10019
Telephone: (646) 837-7150
Facsimile: (212) 989-9163
E-mail: fklorczyk@bursor.com

*Attorneys for Plaintiff*