BRIAN D. HORWITZ (State Bar No. 221550)
ELP Global, PLLC
7901 Kingspointe Parkway, Suite 8
Orlando, FL 32819
Telephone: (407) 373-9690

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WESTON REED, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>MOLINA HEALTHCARE, INC. and CR INSURANCE GROUP, LLC<br><br>Defendants. | Case No. 3:21-cv-01851-JD<br><br>**DEFENDANT CR INURANCE GROUP, LLC ANSWER AND AFFIRMATIVE DEFENSES TO CLASS ACTION COMPLAINT** |

COMES NOW the Defendant, CR Insurance Group, LLC (hereinafter "CR Insurance" or "Defendant"), by and through its undersigned attorneys, and files this Answer and Affirmative Defenses to Plaintiff's Class Action Complaint.

**NATURE OF THE ACTION**

1. Deny.

2. Admit that the action is for the relief stated. Otherwise Deny.

**PARTIES**

3. Defendant lacks personal knowledge concerning this allegation, and therefore Denies the same.

4. Defendant lacks personal knowledge concerning this allegation, and therefore Denies the same.

5. Admit.

### JURISDICTION AND VENUE

6. Deny.

7. Deny.

8. Deny.

### FACTUAL ALLEGATIONS

9. This paragraph does not call for an admission or denial.

10. This paragraph does not call for an admission or denial, as it contains a conclusion of law.

11. This paragraph does not call for an admission or denial.

12. This paragraph does not call for an admission or denial, as it contains a conclusion of law.

13. Defendant lacks personal knowledge concerning this allegation, and therefore Denies the same.

14. Deny.

15. Deny.

16. Deny.

17. Deny.

18. Defendant lacks personal knowledge concerning this allegation, and therefore Denies the same.

19. Defendant lacks personal knowledge concerning this allegation, and therefore Denies the same.

ELP GLOBAL, PLLC
7901 Kingspointe Pkwy, Suite 8
Orlando, FL 32819
(407) 373-9690

20. Deny.

21. Deny.

22. Deny.

23. Defendant lacks personal knowledge concerning this allegation, and therefore Denies the same.

## CLASS ALLEGATIONS

24. Defendant lacks personal knowledge concerning this allegation, and therefore Denies the same.

25. This paragraph does not call for an admission or denial.

26. This paragraph does not call for an admission or denial.

27. This paragraph does not call for an admission or denial.

28. This paragraph does not call for an admission or denial.

29. This paragraph does not call for an admission or denial.

30. This paragraph does not call for an admission or denial.

31. Defendant lacks personal knowledge concerning this allegation, and therefore Denies the same.

32. Deny.

33. Deny.

34. Deny.

35. Defendant lacks personal knowledge concerning this allegation, and therefore Denies the same.

36. Defendant lacks personal knowledge concerning this allegation, and therefore Denies the same.

37. Deny.

38. Deny.

## COUNT I

**Knowing and/or Willful Violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et. seq.***

39. Defendant incorporates by references the foregoing paragraphs of this Answer as if fully stated herein.

40. Deny.

41. Deny.

42. Deny.

43. Deny.

## COUNT II

**Violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et. seq.***

44. Defendant incorporates by references the foregoing paragraphs of this Answer as if fully stated herein.

45. Deny.

46. Deny.

47. Deny.

48. Deny.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Defendant demands a trial by jury of any and all issues in this action so triable of right.

ELP GLOBAL, PLLC
7901 Kingspointe Pkwy, Suite 8
Orlando, FL 32819
(407) 373-9690

# AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

This Court has no jurisdiction over CR Insurance as it conducts no business in California, has no employees in California, is not licensed in California and vehemently denies that it engaged in the allegations of the Complaint.

## SECOND AFFIRMATIVE DEFENSE

The Telephone Consumer Protection Act does not prohibit calls made using an automatic telephone dialing system or using an artificial or pre-recorded voice where the called party has given his or her consent.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims cannot properly be certified under Federal Rule of Civil Procedure 23 because, among other reasons, questions of fact relating to each individual putative class member predominate over the questions relating to the class, including: a. Whether each individual was allegedly contacted by Defendant; b. Whether each individual or an agent of that individual provided consent prior to the contact; c. Who was the owner or regular user of each cellular telephone number called at the time each call was placed; and whether and when Defendant had actual knowledge that a call did not reach its intended recipient or that a cellular telephone number had changed owner or regular user.

## FOURTH AFFIRMATIVE DEFENSE

Constitutionality of Statutory Damages.  The Telephone Consumer Protection Act provides for statutory damages of $500 to $1,500 for each violation of the law. When directed at telephone calls, statutory damages under the Telephone Consumer Protection Act could quickly rise to millions of dollars for alleged actions that caused little or no actual damage to Plaintiff or other called individuals and such a calculation would be excessive, improper, and/or

unreasonable. Statutory damages would constitute an excessive fine or penalty without the substantive or procedural safeguards guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution.

**<u>FIFTH AFFIRMATIVE DEFENSE</u>**

To establish standing, Plaintiff, and the proposed class, must show a concrete and particularized invasion of a legally protected interest and that he, and the proposed class, are in the zone of interests the TCPA is intended to protect. To the extent Plaintiff and members of the proposed class have not paid money, lost title to goods of value, suffered any other concreted or particularized harm, or is not in the zone of interests protected by the TCPA as a result of the conduct alleged, Plaintiff and members of the proposed class lack standing to bring this suit under Article III of the United States Constitution.

**<u>SIXTH AFFIRMATIVE DEFENSE</u>**

Plaintiffs fail to state a plausible claim upon which relief can be granted under any theory of action under the TCPA because CR Insurance did not make or initiate the telephone calls to Plaintiffs. Plaintiffs' damages, if any, and none being admitted, were not caused by Defendant, but by another person or entity, including Plaintiffs, for whom Defendant is not responsible and over whose activities it exercises no control and/or has no right to control. Defendant is not liable for acts of a third party(ies) that made the alleged telephone call(s) because such party was, at all relevant times, separate and distinct from Defendant and Defendant has no ownership, direction or control of any such party(ies).

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs fail to satisfy all conditions precedent and necessary to maintaining their claims. Plaintiffs' claims may be barred for failure to join necessary and indispensable parties.

## RESERVATION OF RIGHTS

Defendants reserve the right to assert additional defenses based on facts that become known in the course of discovery in this lawsuit.

DATED this 27th day of May, 2021.

/s/ Brian Horwitz
Brian D. Horwitz, Esq.
California Bar No 221550
ELP Global, PLLC
7901 Kingspointe Pkwy
Suite 8
Orlando, FL 32819
(407) 373-9690
brian@elpglobal.com

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that on this 27th day of May, 2021, a true and correct copy of the foregoing was served via ECF to all counsel of record in this action.

/s *Brian D. Horwitz*

Brian D. Horwitz
California Bar No.: 221550