COOLEY LLP
KATHLEEN R. HARTNETT (314267)
(khartnett@cooley.com)
SHARON SONG (313535)
(ssong@cooley.com)
101 California Street, 5th Floor
San Francisco, California 94111-5800
Telephone:  +1 415 693 2000
Facsimile:  +1 415 693 2222

Attorneys for Defendant
Molina Healthcare, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WESTON REED,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MOLINA HEALTHCARE, INC. and CR INSURANCE GROUP, LLC,<br><br>　　　　　Defendants. | Case No. 3:21-cv-01851-JD<br><br>**DEFENDANT MOLINA HEALTHCARE, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS THE COMPLAINT AND STRIKE CLASS ALLEGATIONS; MEMORANDUM OF POINTS AND AUTHORITES**<br><br>*[Proposed] Order filed concurrently herewith*<br><br>Date:　　July 8, 2021<br>Time:　　10:00 a.m.<br>Dept:　　Courtroom 11, 19th floor<br>Judge:　　Hon. James Donato<br><br>Complaint Filed:　March 16, 2021 |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEF. MOLINA'S MOTION TO DISMISS
AND STRIKE CLASS ALLEGATIONS
CASE NO. 3:21-CV-01851-JD

# TABLE OF CONTENTS

Page

NOTICE OF MOTION AND MOTION .................................................................................................. 1

STATEMENT OF ISSUES TO BE DECIDED ..................................................................................... 1

MEMORANDUM OF POINTS AND AUTHORITIES ....................................................................... 1

I. INTRODUCTION ................................................................................................................ 1

II. STATEMENT OF FACTS .................................................................................................. 2

III. LEGAL STANDARD .......................................................................................................... 3

IV. ARGUMENT ........................................................................................................................ 4

    A. Plaintiff Fails to State a Claim for Relief Under the TCPA ................................. 4

        1. Plaintiff Fails to Adequately Allege that Molina Called Him ..................... 4

            a. *Plaintiff Admits That Molina Did Not Directly Call Him* ............... 5

            b. *Plaintiff Fails to Allege an Agency Relationship between Molina and CR Insurance to Support Vicarious Liability* ............... 5

        2. Plaintiff Fails to Adequately Allege the Use of an Artificial or Prerecorded Voice or an ATDS ................................................................... 8

        3. Plaintiff Fails to Plead that Any Alleged Violation of the TCPA by Molina was Knowing and/or Willful ......................................................... 10

    B. Plaintiff's Class Allegations Should Be Stricken ................................................ 11

V. CONCLUSION ................................................................................................................. 133

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

i

DEF. MOLINA'S MOTION TO DISMISS
AND STRIKE CLASS ALLEGATIONS
CASE NO. 3:21-CV-01851-JD

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Abante Rooter & Plumbing v. Farmers Grp., Inc.*,
   No. 17-CV-03315-PJH, 2018 WL 288055 (N.D. Cal. Jan. 4, 2018) .............................. *passim*

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ................................................................................................ 4, 7, 10

*Bates v. Bankers Life & Cas. Co.*,
   993 F. Supp. 2d 1318 (D. Or. 2014) ............................................................................. 11

*Batzel v. Smith*,
   333 F.3d 1018 (9th Cir. 2003) ........................................................................................ 6

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) ................................................................................................... 3, 4

*Brazil v. Dell Inc.*,
   585 F. Supp. 2d 1158 (N.D. Cal. 2008) ........................................................................ 11

*Canary v. Youngevity Int'l, Inc.*,
   No. 5:18-cv-03261-EJD, 2019 WL 1275343 (N.D. Cal. Mar. 20, 2019) ..................... 6, 8

*Carter v. Bay Area News Grp. East Bay, LLC*,
   No. 4:19-cv-00216-JST, ECF No. 36 (N.D. Cal. May 21, 2019) ................................... 8

*Daniels-Hall v. Nat'l Educ. Ass'n*,
   629 F.3d 992 (9th Cir. 2010) .................................................................................. 4, 10

*Ewing v. Encor Solar, LLC*,
   No. 18-CV-2247-CAB-MDD, 2019 WL 277386 (S.D. Cal. Jan. 22, 2019) .................. 4, 7

*Flores v. Adir Int'l, LLC*,
   No. CV 15-00076-AB, 2015 WL 12806476 (C.D. Cal. May 8, 2015) .......................... 10

*Gen. Tel. Co. of Sw. v. Falcon*,
   457 U.S. 147 (1982) ..................................................................................................... 11

*Gomez v. Campbell-Ewald Co.*,
   768 F.3d 871 (9th Cir. 2014) ......................................................................................... 4

*Herrejon v. Ocwen Loan Servicing, LLC*,
   980 F. Supp. 2d 1186 (E.D. Cal. Nov. 1, 2013) ............................................................. 9

*Hovsepian v. Apple, Inc.*,
   No. 08-5788 JF (PVT), 2009 WL 5069144 (N.D. Cal. Dec. 17, 2009) ........................ 11

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

i

DEF. MOLINA'S MOTION TO DISMISS
AND STRIKE CLASS ALLEGATIONS
CASE NO. 3:21-CV-01851-JD

# TABLE OF AUTHORITIES
(continued)

**Page(s)**

*Jones v. Royal Admin. Servs., Inc.*,
   887 F.3d 443 (9th Cir. 2018) ................................................................................................ 5, 6

*Knutson v. Reply!, Inc.*,
   No. 10-CV-1267 BEN, 2011 WL 291076 (S.D. Cal. Jan. 27, 2011) ....................................... 10

*Los Angeles Lakers, Inc. v. Fed. Ins. Co.*,
   869 F.3d 795 (9th Cir. 2017) ..................................................................................................... 4

*Mavrix Photographs, LLC v. LiveJournal, Inc.*,
   873 F.3d 1045 (9th Cir. 2017) ................................................................................................... 6

*Mendez v. Optio Solutions, LLC*,
   219 F. Supp. 3d 1012 (S.D. Cal. 2016) ..................................................................................... 9

*In re Rigel Pharms., Inc. Sec. Litig.*,
   697 F.3d 869 (9th Cir. 2012) ..................................................................................................... 3

*Roberts v. Corrothers*,
   812 F.2d 1173 (9th Cir. 1987) ................................................................................................... 4

*Sanders v. Apple Inc.*,
   672 F. Supp. 2d 978 (N.D. Cal. 2009) .................................................................................... 11

*Sidney-Vinstein v. A.H. Robins Co.*,
   697 F.2d 880 (9th Cir. 1983) ................................................................................................... 11

*Smith v. Aitima Med. Equip., Inc.*,
   No. ED CV 16-00339-AB, 2016 WL 4618780 (C.D. Cal. July 29, 2016) ............................... 9

*Stearns v. Select Comfort Retail Corp.*,
   763 F. Supp. 2d 1128 (N.D. Cal. 2010) .................................................................................. 11

*Thomas v. Taco Bell Corp.*,
   582 F. App'x 678 (9th Cir. 2014) .............................................................................................. 6

*Thomas v. Taco Bell Corp.*,
   879 F. Supp. 2d 1079 (C.D. Cal. 2012), *aff'd*, 582 F. App'x 678 (9th Cir. 2014) ................ 5, 8

**Statutes**

Telephone Consumer Protection Act, 47 U.S.C. § 227 ..................................................... *passim*

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

ii

DEF. MOLINA'S MOTION TO DISMISS
AND STRIKE CLASS ALLEGATIONS
CASE NO. 3:21-CV-01851-JD

# TABLE OF AUTHORITIES
(continued)

**Page(s)**

**Other Authorities**

Restatement (Second) of Agency § 265 (1958) .............................................................................. 6

Restatement (Third) of Agency § 1.01 (2006) ................................................................................ 6

Federal Rule of Civil Procedure
    8(a)(2) ......................................................................................................................................... 9
    12(b)(6) ................................................................................................................................... 1, 3
    12(f) ........................................................................................................................... 1, 2, 11, 12
    23 ............................................................................................................................................. 11

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

iii

DEF. MOLINA'S MOTION TO DISMISS
AND STRIKE CLASS ALLEGATIONS
CASE NO. 3:21-CV-01851-JD

**NOTICE OF MOTION AND MOTION**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on July 8, 2021 at 10:00 a.m., or as soon thereafter as this Motion may be heard in the above-titled court, located at 450 Golden Gate Avenue, 19th floor, Courtroom 11, San Francisco, CA 94102, Defendant Molina Healthcare, Inc. ("Molina") will move to dismiss the Class Action Complaint (ECF No. 1 (the "Complaint" or "Compl.")) of Plaintiff Weston Reed ("Plaintiff") and strike Plaintiff's class allegations pleaded against Molina.

Pursuant to Federal Rules of Civil Procedure 12(b)(6), Molina requests that this Court dismiss, with prejudice, each of Plaintiff's claims for failure to state a claim upon which relief may be granted. Pursuant to Rule 12(f), Molina requests that this Court strike the class allegations from the Complaint. Molina's Motion to Dismiss and Strike Class Allegations is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, and all pleadings and papers on file in this matter, and upon such matters as may be presented to the Court at the time of hearing or otherwise.

**STATEMENT OF ISSUES TO BE DECIDED**

1. Should the Court dismiss Plaintiff's claims against Molina under Federal Rule of Civil Procedure 12(b)(6) because Plaintiff fails to state claims for relief under the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA")?

2. Should the Court strike Plaintiff's class allegations under Federal Rule of Civil Procedure 12(f) where the Complaint demonstrates that the proposed classes are nonviable?

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.     INTRODUCTION**

Plaintiff Weston Reed ("Plaintiff") has sued Molina Healthcare, Inc. ("Molina") and CR Insurance LLC ("CR Insurance") for two alleged violations of the Telephone Consumer Protection Act of 1991 ("TCPA"), 47 U.S.C. § 227 *et seq.*, but has failed to sufficiently allege any TCPA violation against Molina. Accordingly, Plaintiff's claims against Molina should be dismissed.

**First**, Plaintiff fails to adequately allege against Molina the first element of his TCPA claims—that Molina, or an agent acting on its behalf, called his cellular telephone. Rather, Plaintiff

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEF. MOLINA'S MOTION TO DISMISS
AND STRIKE CLASS ALLEGATIONS
CASE NO. 3:21-CV-01851-JD

*admits* that all calls at issue in this case were made by Defendant CR Insurance. Compl. ¶¶ 1, 14. Thus, there can be no direct liability against Molina. Plaintiff also fails to plausibly allege the existence of an agency relationship between Molina and CR Insurance, relying on mere conclusory allegations of agency that cannot be the basis for vicarious liability.

**Second**, Plaintiff fails to sufficiently allege the second element of his TCPA claims—that an artificial or prerecorded voice or an automatic telephone dialing system ("ATDS") was used in calling Plaintiff. Plaintiff's vague and conflicting allegations lack critical factual detail and do not plausibly allege use of an artificial or prerecorded voice or an ATDS.

**Third**, although both claims should be dismissed in full for the reasons just stated, Plaintiff also provides no factual basis to allege Molina's knowing or willful violation of the TCPA. This requires dismissal of Count I, which is based on mere conclusory allegations of a knowing or willing violation.

In addition to being subject to dismissal, the Complaint's three proposed classes—the Autodialer, Robocall, and National Do-Not-Call List ("NDNC") Classes—are facially defective and should be stricken under Rule 12(f). The Autodialer and Robocall proposed classes include individuals who suffered no injury, and thus have no standing. And the NDNC proposed class is unsupported by a private right of action under Section 227(b) of the TCPA, pursuant to which Plaintiff purports to bring his claims. *See* Compl. ¶¶ 41, 46. Any class certification briefing process would impose an unjustified burden on Molina given that the defects of the proposed classes are evident on the face of the Complaint.

**II.   STATEMENT OF FACTS**

Plaintiff alleges that in November 2013, he registered his phone number with the National Do Not Call Registry. Compl. ¶ 13. Plaintiff alleges that from September 2020 to March 2021, CR Insurance called Plaintiff 24 times on his cellular phone from 21 different phone numbers. *Id.* ¶ 14. Plaintiff further alleges that when he answered calls from Defendants, there was a "pause" before a recorded message began playing, allegedly indicating the use of an ATDS. *Id.* ¶ 17. The alleged initial prerecorded messages were in Spanish and translated to "This is a very important call to assist you with the new enrollment or renewal for your insurance. Press 1 now to be

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

DEF. MOLINA'S MOTION TO DISMISS
AND STRIKE CLASS ALLEGATIONS
CASE NO. 3:21-CV-01851-JD

transferred to a specialist or press 2 to be eliminated." *Id.* ¶ 18. Plaintiff alleges that these calls were made at the direction, and on behalf of, Molina pursuant to a marketing contract between CR Insurance and Molina. *Id.* ¶¶ 15, 16. Plaintiff provides a screenshot from CR Insurance's website indicating that CR Insurance purportedly markets policies from *eighteen* different health insurance carriers. *Id.* ¶ 16.

Plaintiff also alleges that "[o]n several of the calls, a live operator from CR Insurance was on the line." *Id.* ¶ 20. Plaintiff alleges that on November 18, 2020, he received a call from Defendants during which he requested that his number be removed. *Id.* ¶ 19. Plaintiff further alleges that on November 19, 2020, he received a call from a CR Insurance representative, and he "handed the phone to his roommate who talked with [the] representative . . . [and] expressed interest in an insurance plan." *Id.* ¶ 21. In response to the expressed interest by Plaintiff's roommate, the CR Insurance representative suggested one option with Molina. *Id.* Plaintiff's roommate then provided to the CR Insurance representative the payment information for Plaintiff's debit card that Plaintiff knew was an "unused debit account." *Id.* Plaintiff alleges that he received another call from a CR Insurance representative on November 20, 2020, asking him to verify his information for Molina insurance. *Id.* ¶ 22. Plaintiff alleges that from December 2020 to January 2021, Molina attempted to charge Plaintiff's debit card three times using the account information provided by his roommate on the November 19, 2020 call. *Id.* ¶ 23.

Plaintiff brings two causes of action against Molina, both of which rely on Molina's alleged violations of Section 227(b) of the TCPA: (1) Plaintiff alleges that Molina knowingly and/or willfully violated the TCPA and seeks treble damages pursuant to 47 U.S.C. § 227(b)(3)(C), *id.* ¶¶ 39-43; and, in the alternative, (2) Plaintiff alleges that Molina violated the TCPA and seeks damages pursuant to 47 U.S.C. § 227(b)(3)(B). *Id.* ¶¶ 44-48.

### III. LEGAL STANDARD

A complaint should be dismissed under Rule 12(b)(6) if it fails to allege facts sufficient to state a cognizable legal claim. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "To avoid dismissal, the complaint must provide 'more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'" *In re Rigel Pharms., Inc. Sec. Litig.*,

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

DEF. MOLINA'S MOTION TO DISMISS
AND STRIKE CLASS ALLEGATIONS
CASE NO. 3:21-CV-01851-JD

697 F.3d 869, 875 (9th Cir. 2012) (citing *Twombly*, 550 U.S. at 555). It is not enough that a claim be possible or conceivable; it must establish "plausibility of 'entitlement to relief.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). In determining whether a complaint states a plausible claim, the Court need not "accept as true . . . allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010); *see also Iqbal*, 556 U.S. at 679 (conclusory allegations "are not entitled to the assumption of truth"); *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987) (legal conclusions are not true "merely because they are cast in the form of factual allegations").

## IV.  ARGUMENT

### A.  Plaintiff Fails to State a Claim for Relief Under the TCPA

Plaintiff seeks damages for alleged violations of Section 227(b) of the TCPA. *See* Compl. ¶¶ 41, 46. To sufficiently plead a TCPA claim under Section 227(b) for calls made to his cellular telephone (Compl. ¶ 14), Plaintiff must allege that Molina (1) made a call to his cellular telephone number; (2) using an automatic telephone dialing system or an artificial or prerecorded voice; (3) without Plaintiff's prior express consent. *See* 47 U.S.C. § 227(b)(1)(A); *Ewing v. Encor Solar, LLC*, No. 18-CV-2247-CAB-MDD, 2019 WL 277386, at *6 (S.D. Cal. Jan. 22, 2019) (citing *Los Angeles Lakers, Inc. v. Fed. Ins. Co.*, 869 F.3d 795, 804 (9th Cir. 2017)).[1]

Plaintiff fails to state a TCPA claim against Molina. Plaintiff concedes no direct liability against Molina and fails to adequately allege vicarious liability on an agency theory. Plaintiff also fails to allege that any calls were made by an artificial or prerecorded voice or an ATDS. Finally, Plaintiff provides no factual allegations to support a knowing or willful violation by Molina.

#### 1.  Plaintiff Fails to Adequately Allege that Molina Called Him

To "make" a call under the TCPA, "the person must either (1) directly make the call, or (2) have an agency relationship with the person who made the call." *Abante Rooter & Plumbing v. Farmers Grp., Inc.*, No. 17-CV-03315-PJH, 2018 WL 288055, at *4 (N.D. Cal. Jan. 4, 2018) (citing *Gomez v. Campbell-Ewald Co.*, 768 F.3d 871, 877-79 (9th Cir. 2014)); *see also Ewing*, 2019 WL

---

[1] The TCPA also bars certain calls to "residential telephone line[s]," 47 U.S.C. § 227(b)(1)(B), but Plaintiff does not allege any call to a residential telephone line.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

DEF. MOLINA'S MOTION TO DISMISS
AND STRIKE CLASS ALLEGATIONS
CASE NO. 3:21-CV-01851-JD

277386, at *6 (same); *Thomas v. Taco Bell Corp.*, 879 F. Supp. 2d 1079, 1084 (C.D. Cal. 2012), *aff'd*, 582 F. App'x 678 (9th Cir. 2014) ("*Thomas I*") ("[A] party can be held liable under Section 227(b)(1)(A)(iii) directly if it personally 'makes' a call in the method proscribed by the statute, or vicariously, such as, if it was in an agency relationship with the party that sent the text message [or made the call].").

Plaintiff admits that Molina did not directly call him (rather, CR Insurance allegedly did). Plaintiff also fails to sufficiently allege an agency relationship between Molina and CR Insurance to support vicarious liability of Molina. Thus, both counts against Molina should be dismissed.

### a. *Plaintiff Admits That Molina Did Not Directly Call Him*

Plaintiff does not allege that Molina directly made a call to his cellular telephone. Rather, he *admits* that all 24 alleged calls were made by CR Insurance. *See* Compl. ¶¶ 14-15 ("Defendant CR Insurance called Mr. Reed on his cellular telephone from a variety of numbers"); *id.* ¶¶ 20-22 (Plaintiff spoke only with CR Insurance representatives). This refutes any claim of direct liability.

Plaintiff's conclusory allegation that CR Insurance called Plaintiff "on behalf of" Molina, Compl. ¶ 15, is insufficient to plead direct liability. *See Abante*, 2018 WL 288055, at *4 (holding that conclusory allegations that call representatives were calling "on behalf of Defendant" did not show that defendant directly made the calls at issue or employed those representatives). Moreover, the Complaint contains a screenshot from CR Insurance's website indicating that Molina is just one of at least *18* insurance carriers whose plans CR Insurance markets. Compl. ¶ 16. That a CR Insurance representative identified an option with Molina, **after** Plaintiff's roommate expressed interest "in an insurance plan," does not support an inference that the call was, when initiated by CR Insurance, made "on behalf of" Molina. *Id.* ¶ 21.

### b. *Plaintiff Fails to Allege an Agency Relationship between Molina and CR Insurance to Support Vicarious Liability*

Plaintiff also fails to allege vicarious liability based on an agency relationship between Molina and CR Insurance. "Agency is the fiduciary relationship that arises when one person (a 'principal') manifests assent to another person (an 'agent') that the agent shall act on the principal's behalf and subject to the principal's control." *Jones v. Royal Admin. Servs., Inc.*, 887 F.3d 443,

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5

DEF. MOLINA'S MOTION TO DISMISS
AND STRIKE CLASS ALLEGATIONS
CASE NO. 3:21-CV-01851-JD

448 (9th Cir. 2018) (quoting *Mavrix Photographs, LLC v. LiveJournal, Inc.*, 873 F.3d 1045, 1054 (9th Cir. 2017)).  Three theories of agency can support vicarious liability under the TCPA: (1) actual authority; (2) apparent authority; and (3) ratification. *Abante*, 2018 WL 288055, at *4-5 (citing *Thomas v. Taco Bell Corp.*, 582 F. App'x 678, 679 (9th Cir. 2014) ("*Thomas II*")).  Plaintiff has not adequately pled any of these theories.

For actual authority and ratification, Plaintiff must allege the existence of a principal-agent relationship, where "an agent must have authority to act on behalf of the principal and the person represented must have a right to control the actions of the agent." *Jones*, 887 F.3d at 448 (quoting Restatement (Third) of Agency § 1.01 (Am. Law Inst. 2006) (internal quotes and brackets omitted)); *see also Thomas II*, 582 F. App'x at 680 (ratification can have "no meaning without" the requisite principal-agent relationship (quoting *Batzel v. Smith*, 333 F.3d 1018, 1036 (9th Cir. 2003))); *Abante*, 2018 WL 288055, at *6 (same).  The core inquiry for the existence of a principal-agent relationship is whether the principal "controlled or had the right to control" the agent, *Thomas II*, 582 F. App'x at 679, and the "manner and the means of the calls [the agent] made." *Abante*, 2018 WL 288055, at *5.  For apparent authority, Plaintiff must allege that there was "something said or done by [Molina], on which the plaintiff reasonably relied" to his detriment.  *Canary v. Youngevity Int'l, Inc.*, No. 5:18-cv-03261-EJD, 2019 WL 1275343, at *8 (N.D. Cal. Mar. 20, 2019); *see also* Restatement (Second) of Agency § 265 (1958) ("Apparent authority exists only as to those to whom the principal has manifested that an agent is authorized.").

*Abante* is instructive in showing that Plaintiff has failed to plead that CR Insurance was Molina's agent in making the calls at issue.  In *Abante*, the district court dismissed the plaintiff's TCPA claim against Farmers Group because the complaint failed to contain factual allegations supporting an agency relationship between Farmers Group and the call representatives (who directly made the calls) under any theory of agency. *Abante*, 2018 WL 288055, at *4.

With respect to actual authority and ratification, *Abante* held that plaintiff's conclusory allegations that "defendant encouraged, directed, and authorized the [call representatives] and others to place marketing calls to acquire business for Farmers Insurance" under "marketing agreements between defendant and its representatives" did not establish the requisite principal-

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

6

DEF. MOLINA'S MOTION TO DISMISS
AND STRIKE CLASS ALLEGATIONS
CASE NO. 3:21-CV-01851-JD

agent relationship. *Id.* at *2, *5-6. The court explained that the complaint contains "no factual allegations about defendant's relationship with the purported callers, much less factual allegations about what control defendant exercised over the callers." *Id.* at *5. Further, it was "not enough that each representative identified him or herself as acting on behalf of Farmers Insurance" because these allegations said nothing about "whether defendant consented to those representations" and "nothing about the amount of control, if any" exercised by defendant over the representatives. *Id.* Moreover, even if a call representative's profile was on defendant's website and the representatives used defendant's mark and trade name, the court held that these facts merely show "some relationship" between them but not that "defendant exercises control over the representatives" or "how that relationship relates to the alleged calls." *Id.*

The allegations of agency by Plaintiff here are even more conclusory than those rejected in *Abante*. As in *Abante*, Plaintiff's conclusory allegation that CR Insurance "made calls at the direction, and on behalf of" Molina "pursuant to a marketing contract" between the two fails to establish a principal-agent relationship. Compl. ¶ 15; *see Abante*, 2018 WL 288055, at *2, *5-6; *see also Iqbal*, 556 U.S. at 678-79 ("A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"). The Complaint contains no factual allegations about Molina's relationship with CR Insurance, "much less factual allegations about what control" and/or the "amount of control, if any" Molina exercised over CR Insurance. *See Abante*, 2018 WL 288055, at *5; *Ewing*, 2019 WL 277386, at *7 (dismissing TCPA claim where plaintiff "failed to plead any facts in support of his conclusory allegations that [defendant] exercised any control over the other defendants allegedly making the calls to [plaintiff] to establish an agency relationship); *Iqbal*, 556 U.S. at 678 (complaint does not suffice if it "tenders 'naked assertions' devoid of 'further factual enhancement'" (citation omitted)).

Further, Molina being listed on CR Insurance's website as one of at least *18* available carriers does not indicate Molina's control over CR Insurance or "how that relationship relates to the alleged calls." *Abante*, 2018 WL 288055, at *5; Compl. ¶ 16. Moreover, that CR Insurance allegedly offered a Molina insurance plan to Plaintiff's roommate, and that Molina subsequently attempted to charge the defunct debit card provided by Plaintiff, Compl. ¶¶ 21-23, does not indicate

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

7

DEF. MOLINA'S MOTION TO DISMISS
AND STRIKE CLASS ALLEGATIONS
CASE NO. 3:21-CV-01851-JD

that CR Insurance "identified him or herself as acting on behalf of" Molina and, in any case would "not allow the court to infer that [Molina] exercises control over [CR Insurance]" or the "manner and means" of the calls made. *Abante*, 2018 WL 288055, at *5; *see Canary*, 2019 WL 1275343, at *8 (dismissing TCPA claim upon finding, *inter alia*, that "granting permission to perform telemarketing does not mean that [a defendant] exercised control over the entity that made the … call"); *Carter v. Bay Area News Grp. East Bay, LLC*, No. 4:19-cv-00216-JST, ECF No. 36, at 8 (N.D. Cal. May 21, 2019) ("An allegation of a beneficial contractual relationship alone is insufficient to establish agency)[2]; *see also Thomas I*, 879 F. Supp. 2d at 1085-86 (holding that defendant did not exercise control over the manner and means of executing a text message marketing campaign that violated the TCPA and thus was not vicariously liable).  In sum, because the Complaint lacks any factual allegations about Molina's control over or right to control CR Insurance and the manner and means of the calls made by CR Insurance allegedly on Molina's behalf, Plaintiff has failed to allege the existence of an agency relationship between Molina and CR Insurance under the theories of actual authority and ratification.

With respect to apparent authority, Plaintiff makes no attempt to allege an agency relationship between Molina and CR Insurance based on a theory of apparent authority.  Nowhere in the Complaint does Plaintiff allege that he reasonably relied upon something said or done by Molina, or that Molina manifested in any way to Plaintiff that CR Insurance is Molina's authorized agent.  *Cf. Canary*, 2019 WL 1275343, at *8.

Because Plaintiff fails to sufficiently allege that Molina is vicariously liable under the TCPA for any calls made to his cellular telephone by CR Insurance, Plaintiff's TCPA claims against Molina should be dismissed.

### 2. Plaintiff Fails to Adequately Allege the Use of an Artificial or Prerecorded Voice or an ATDS

To state a TCPA claim under Section 227(b) of the TCPA, Plaintiff also must adequately

---

[2] Counsel for Plaintiff also was counsel in *Carter*, in which the court dismissed the TCPA claims against two defendants upon determining that the assertions of a marketing "contract" in the complaint failed to sufficiently plead facts in support of the conclusory allegations that the moving defendants exercised control, via an agency relationship, over the defendant that had made the calls to Plaintiff.  *Carter*, No. 4:19-cv-00216-JST, ECF No. 36, at 8.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

8

DEF. MOLINA'S MOTION TO DISMISS
AND STRIKE CLASS ALLEGATIONS
CASE NO. 3:21-CV-01851-JD

allege the second element of a TCPA claim—that the calls made to Plaintiff's cellular telephone used an artificial or prerecorded voice or ATDS. *See* 47 U.S.C. § 227(b)(1)(A). Plaintiff fails to do so, instead alleging an array of vague and conflicting allegations.

Plaintiff alleges that he answered "calls from Defendants[3]" where there allegedly was a pause before a recorded message in Spanish began playing, and Plaintiff translates the alleged content of that message as directing Plaintiff to "Press 1" to be transferred to a specialist or "press 2 to be eliminated." Compl. ¶¶ 17-18. But Plaintiff also alleges detailed descriptions of numerous calls with CR Insurance's live operators and/or live representatives. *Id.* ¶¶ 19-22. It is not a violation of the TCPA to manually dial a cellular phone using a live operator or representative. *See* 47 U.S.C. § 227(b)(1)(B). Absent clear factual allegations establishing calls that used a prerecorded or artificial voice, as opposed to a live operator or representative, Plaintiff has failed to plead plausible facts with regard to the use of an artificial or prerecorded voice in support of his TCPA claims. *See Mendez v. Optio Solutions, LLC*, 219 F. Supp. 3d 1012, 1015-16 (S.D. Cal. 2016) (dismissing TCPA claim where plaintiff failed to allege sufficient facts to permit the defendant "to identify those calls which form the basis for its potential liability").

Plaintiff similarly fails to adequately allege the use of an ATDS by CR Insurance. Plaintiff alleges that "there was a pause" before the recorded message began playing. Compl. ¶ 17. However, because Plaintiff does not allege how many calls he received from CR Insurance where there was "a pause" before the recorded message, Plaintiff's single allegation of "a pause" is not enough to sufficiently allege that an ATDS was used. *See Smith v. Aitima Med. Equip., Inc.*, No. ED CV 16-00339-AB (DTBx), 2016 WL 4618780, at *6 (C.D. Cal. July 29, 2016) (finding that plaintiff failed to support her allegation that an ATDS was used given there were no multiple calls involving a pause and other allegations like "no voicemails, persistency of calls, and callbacks to a prerecorded voice"). Plaintiff also does not allege any facts regarding the alleged system's "capacity to store numbers," *id.*, or indicating that the calls "were randomly generated or

---

[3] This statement improperly lumps the two Defendants together, and is negated by Plaintiff's prior concession that all calls at issue in this case were made by CR Insurance. Compl. ¶¶ 14-15; *see Herrejon v. Ocwen Loan Servicing, LLC*, 980 F. Supp. 2d 1186, 1197 (E.D. Cal. Nov. 1, 2013) (explaining that a plaintiff suing multiple defendants "must allege the basis of his claim against each defendant to satisfy Federal Rule of Civil Procedure 8(a)(2)").

impersonal," which further demonstrates that he has failed to allege the use of an ATDS. *Knutson v. Reply!, Inc.*, No. 10-CV-1267 BEN (WMc), 2011 WL 291076, at *2 (S.D. Cal. Jan. 27, 2011) (dismissing TCPA claim upon finding that plaintiff failed to allege use of an ATDS); *see also Flores v. Adir Int'l, LLC*, No. CV 15-00076-AB (PLAx), 2015 WL 12806476, at *2 (C.D. Cal. May 8, 2015) (holding that plaintiff's failure to allege any indirect or contextual facts like "the context in which [the call] was received, and the existence of similar messages" supports the conclusion that defendant's alleged use of ATDS was "little more than speculation [] that cannot support a claim for relief under the TCPA").

Moreover, the only alleged references to Molina (as opposed to other carriers) made during CR Insurance's alleged calls to Plaintiff were allegedly made during the calls Plaintiff had with *live representatives* from CR Insurance, which are not prohibited by the TCPA. Compl. ¶¶ 21-23. Because Plaintiff has failed to plausibly allege that any call allegedly made by CR Insurance on behalf of Molina was made with an ATDS or an artificial or prerecorded voice, Plaintiff has failed to adequately allege any TCPA claim against Molina.

### 3. Plaintiff Fails to Plead that Any Alleged Violation of the TCPA by Molina was Knowing and/or Willful

Plaintiff provides no factual allegations to support his conclusory allegation that Molina knowingly or willfully violated the TCPA. Plaintiff only alleges, in conclusory fashion, that Molina "knowingly, and willfully" violated the TCPA without any supporting factual detail. *See* Compl. ¶¶ 2, 34, 40-41. These conclusory allegations—themselves insufficient—are further undermined by Plaintiff's otherwise inadequate allegations. *See supra* Sections IV.A.1-2; *Iqbal*, 556 U.S. at 678-69 (complaint is not sufficiently pled with "naked assertions devoid of further factual enhancement" or mere "labels and conclusions" (citation omitted)); *Daniels-Hall*, 629 F.3d at 998 (courts need not "accept as true" the "allegations that are merely conclusory"). Accordingly, Plaintiff's first cause of action against Molina for knowing and/or willful violation of the TCPA should be dismissed.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

10

DEF. MOLINA'S MOTION TO DISMISS
AND STRIKE CLASS ALLEGATIONS
CASE NO. 3:21-CV-01851-JD

### B.  Plaintiff's Class Allegations Should Be Stricken

Although the Complaint should be dismissed in full for the reasons set forth above, the class allegations also should be stricken because the proposed classes cannot conceivably meet the requirements of Rule 23.  Federal Rule of Civil Procedure 12(f) allows a court to strike from a pleading "any redundant, immaterial, impertinent, or scandalous matter."  Motions to strike serve to "avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial."  *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983).

As the Supreme Court has explained, the nonviability of a proposed class at the pleading stage may be determined where "the issues are plain enough from the pleadings to determine whether the interests of absent parties are fairly encompassed within the named plaintiff's claim." *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 160 (1982); *see also, e.g.*, *Sanders v. Apple Inc.*, 672 F. Supp. 2d 978, 990-91 (N.D. Cal. 2009) (striking proposed class definition at the pleading stage); *Hovsepian v. Apple, Inc.*, No. 08-5788 JF (PVT), 2009 WL 5069144, at *6 (N.D. Cal. Dec. 17, 2009) (same); *Brazil v. Dell Inc.*, 585 F. Supp. 2d 1158, 1167 (N.D. Cal. 2008) (same); *Bates v. Bankers Life & Cas. Co.*, 993 F. Supp. 2d 1318, 1342 (D. Or. 2014) (holding that plaintiffs' "inability to satisfy the requirements of Rule 23(a)(3) provides sufficient grounds, without more, for granting defendants' motion to strike").

The Complaint here presents precisely such a situation:  none of the three classes proposed by Plaintiff—the "Autodialer Class," the "Robocall Class," and the "NDNC Class," Compl. ¶¶ 25-30—are viable based on the allegations in the Complaint itself.

Both the proposed Autodialer Class and Robocall Class set forth in the Complaint necessarily fail because they include members suffering no injury.  Class allegations may be stricken from a complaint where the proposed class definition, by its terms, includes individuals who suffered no injury, and thus have no standing. *See, e.g.*, *Stearns v. Select Comfort Retail Corp.*, 763 F. Supp. 2d 1128, 1153 (N.D. Cal. 2010) (granting motion to strike class allegations where the proposed class included class members who lacked standing); *Hovsepian*, 2009 WL 5069144, at *6 (striking class allegations in part based on finding that proposed class would include members

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

11

DEF. MOLINA'S MOTION TO DISMISS
AND STRIKE CLASS ALLEGATIONS
CASE NO. 3:21-CV-01851-JD

that have "no injury and no standing to sue").  The Complaint defines the proposed Autodialer Class as "[a]ll persons within the United States who (a) received a non-emergency telephone call; (b) on his or her cellular telephone; (c) made by or on behalf of Defendants . . ." (Compl. ¶ 25)—without any requirement that such persons have received a call using an ATDS or an artificial or prerecorded voice, or that such calls were made without the persons' prior express consent.  *Cf.* 47 U.S.C. § 227(b)(1)(A).  Likewise, the proposed "Robocall Class" is not limited to calls made with an artificial or prerecorded voice or to persons who did not provide prior express consent.  *Id.*; Compl. ¶ 27.  Because the proposed Autodialer and Robocall Classes, by their terms, include persons who received calls in compliance with the TCPA—and thus who suffered no conceivable injury—these proposed class allegations should be stricken from the Complaint.

In addition, Plaintiff's NDNC class allegations are "impertinent" and "immaterial" matter that should be stricken under Rule 12(f).  In this action, Plaintiff alleges two causes of action against Molina, both of which rely on Molina's alleged violations of Section 227(b) of the TCPA.  *See* Compl. ¶¶ 41, 46 (seeking damages for "Plaintiff and members of the proposed classes" under the TCPA pursuant to § 227(b)(3)(C) and § 227(b)(3)(B)).  Section 227(b) provides a private right of action for violations of that "subsection."  47 U.S.C. § 227(b)(3)(A)-(C).  It does not provide a private right of action or remedy for the NDNC Class, which is defined as "[a]ll persons in the United States who: (a) received more than one telephone solicitation calls; (b) in a 12-month period; (c) on their cellular telephone line or residential telephone line; (d) more than 30 days after registering their telephone number(s) on the National Do Not Call Registry; (e) where the call was made by or on behalf of any Defendant, (f) to promote any Defendant's products or services . . . ."  Compl. ¶ 29.  Accordingly, the NDNC Class definition should also be stricken.  Molina and the Court should not be put to the burden and expense of a class certification process where the class allegations in the Complaint are facially non-viable.

\\
\\
\\
\\

Cooley LLP
Attorneys At Law
San Francisco

12

Def. Molina's Motion to Dismiss
and Strike Class Allegations
Case No. 3:21-cv-01851-JD

## V. CONCLUSION

For the foregoing reasons, this Court should dismiss the Complaint against Molina without leave to amend and strike the class allegations.

Dated: May 28, 2021

COOLEY LLP

By: */s/ Kathleen R. Hartnett*
Kathleen R. Hartnett

Attorney for Defendant
Molina Healthcare, Inc.

Cooley LLP
Attorneys at Law
San Francisco

13

Def. Molina's Motion to Dismiss
and Strike Class Allegations
Case No. 3:21-cv-01851-JD