**BURSOR & FISHER, P.A.**
Frederick J. Klorczyk III (State Bar No. 320783)
888 Seventh Avenue
New York, NY 10019
Telephone: (646) 837-7150
Facsimile: (212) 989-9163
E-mail: fklorczyk@bursor.com

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WESTON REED, individually and on behalf of all others similarly situated,<br><br>                            Plaintiff,<br>     v.<br><br>MOLINA HEALTHCARE, INC. and CR INSURANCE GROUP, LLC,<br><br>                            Defendants. | Case No. 3:21-cv-01851-JD<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>**Date:** June 24, 2021<br>**Time:** 10:00 AM<br>**Judge:** Hon. James Donato |

JOINT CASE MANAGEMENT CONFERENCE STATEMENT
CASE NO. 3:21-CV-01851-JD

Plaintiff Weston Reed ("Plaintiff"), Defendant Molina Healthcare, Inc. ("Molina") and Defendant CR Insurance Group, LLC ("CR Insurance") (collectively, "Defendants"), the parties to the above-titled action (collectively, the "Parties"), submit this Joint Case Management Conference Statement pursuant to the Federal Rules of Civil Procedure, Civil Local Rule 16-9, the Standing Order for All Judges of the Northern District of California dated November 1, 2018, and the Court's order setting the case management conference in the above-captioned action (ECF No. 9), in advance of the June 24, 2021 Initial Case Management Conference.

**1.   Jurisdiction & Service**

Plaintiff filed his Complaint on March 16, 2021. He effectuated service on Molina on March 23, 2021 and on CR Insurance on April 1, 2021. ECF Nos. 10-11. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves alleged violations of a federal statute, the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA"). Molina, a corporation with its principal place of business in California, does not challenge personal jurisdiction. CR Insurance, a Florida corporation, raises personal jurisdiction as an affirmative defense but answered rather than filing a motion to dismiss. CR Insurance states that it has recently learned that Plaintiff received some of the calls at issue while he was domiciled in Texas, not California, and therefore requests a preservation of its personal jurisdiction defense and leave to file a motion on that ground. Plaintiff responds that CR Insurance's personal jurisdiction argument is meritless because (1) he was domiciled in California at the time of filing, (2) Plaintiff received many calls from CR Insurance while domiciled in California, (3) CR Insurance was acting on behalf of Molina, a company based in California, and (4) CR Insurance waived its personal jurisdiction request by filing an Answer.

Venue is proper in this Court under 28 U.S.C. § 1391(b) because a substantial part of the alleged events, omissions, and acts giving rise to the claims herein occurred in this District: Plaintiff alleges that he received many of the calls at issue while in this District.

**2.     Facts**

**Plaintiff's Statement:**

Plaintiff alleges that from September 2020 to March 2021, Defendant CR Insurance called him at least 24 times. Compl. (ECF No. 1) ¶ 14. These calls started with a recording in Spanish stating: "This is a very important call to assist you with the new enrollment or renewal for your insurance. Press 1 now to be transferred to a specialist or press 2 to be eliminated." *Id.* ¶ 18. CR Insurance placed these calls to Plaintiff even though he has been listed on the National Do Not Call Registry since November 27, 2013. *Id.* ¶ 13. Since the initiation of this case, CR Insurance has called Plaintiff at least another seven times.

Through his investigative efforts, Plaintiff discovered that CR Insurance was calling him at the behest of Defendant Molina Healthcare. Defendant CR Insurance prominently advertises its contractual relationship with Defendant Molina Healthcare on its website. *Id.* ¶ 16. CR Insurance states that it "proudly represents top Carriers" and then specifically lists Molina. *Id.* Then, on several calls, representatives from CR Insurance specifically referenced Molina insurance. *Id.* ¶¶ 21-22. Then, when Plaintiff provided the CR Insurance representative with a unused debit card to find out who was behind the calls, he saw that Molina soon thereafter attempted to charge the account on three different occasions. *Id.* ¶ 23.

**Molina's Statement:**

Molina is a multi-state healthcare company that contracts with many independent contractors to sell and provide health insurance to individuals, often through Marketplace health plans. Molina does not control or direct the activities of its independent contractors, including the methods by which these independent contractors identify and make calls to certain phone numbers. Molina further requires its independent contractors to comply with applicable state and federal laws when making any calls that may sell Molina's healthcare plans. CR Insurance is one of Molina's many independent contractors.

Plaintiff filed this lawsuit against both Molina and CR Insurance for 24 alleged calls—that Plaintiff *admits* were made by CR Insurance—that allegedly violated the TCPA. Molina denies Plaintiff's allegations of wrongdoing. Molina has moved to dismiss each of Plaintiff's claims

against Molina and strike his class allegations. ECF. No. 24. First, as detailed in the motion, Plaintiff failed to allege facts sufficient to state any claims against Molina under the applicable pleading standards of FRCP 12(b)(6), because, *inter alia*, there is no agency relationship between Molina and CR Insurance that would make Molina vicariously liable for the calls allegedly made by CR Insurance; Plaintiff failed to sufficiently allege that the calls to Plaintiff used an artificial or prerecorded voice or an automatic telephone dialing system; and Molina did not know that any calls were being made in violation of the TCPA. Second, Plaintiff's class allegations are facially defective under FRCP 12(f) because two of the three proposed classes include individuals with no standing and the third is unsupported by a private right of action under the statutory sections pursuant to which Plaintiff brings his claims.

**CR Insurance's Statement:**

CR insurance denies making any of the calls or engaging in any actionable conduct asserted in Plaintiff's Statement above. CR is Florida corporation based in Florida and is not licensed to sell and does not sell insurance products to California residents. CR has independent contactors that are appointed to sell insurance for certain companies in states where they are licensed. CR requires that these independent contractors comply with the law and prohibits them from making the types of calls alleged in the Complaint among other conduct. If any such contractor engaged in these types of calls, such acts would be outside the scope of any relationship they had with CR and their contract would be terminated. CR did not make or in any manner authorize or assent to the calls alleged in this Complaint.

**3.      Legal Issues**

Without limiting the scope of discovery, the parties have identified the following disputed issues, some of which are mixed issues of law and fact. By including the parties' issues in the joint statement, each party reserves the right to dispute the framing or relevance of those included by the other parties:

   a) Whether Plaintiff's Complaint states a TCPA claim upon which relief can be granted against Molina;

   b) Whether personal jurisdiction exists over CR Insurance.

c) Whether Molina can be held vicariously liable for the calls allegedly made by CR Insurance;

d) Whether the alleged calls were made with an artificial or prerecorded voice or an automatic telephone dialing system;

e) Whether any violation of the TCPA was knowing or willful;

f) Whether Plaintiff's class allegations in the Complaint should be stricken; and

g) Whether Plaintiff's claims can be maintained as a class action.

**4.  Motions**

Molina's Motion to Dismiss the Complaint was filed on May 28, 2021.  ECF No. 24. Plaintiff filed an opposition to this pending motion on June 11, 2021.  ECF No. 25.  Molina's deadline to file a reply in support of its motion to dismiss is June 18, 2021.  The motion is scheduled for hearing on July 8, 2021.

Plaintiff anticipates filing a motion for class certification.  If and when necessary, the parties may file at an appropriate stage of the litigation summary judgment motions, *Daubert* motions, and potentially other dispositive and non-dispositive motions.

**5.  Amendment of Pleadings**

No amended pleadings have been filed to date.

The Parties reserve their rights to seek leave to amend or supplement the pleadings as discovery occurs.

Molina also proposes that the deadline to seek leave to add new parties or to file any other pleading amendments should be a date six months before the non-expert discovery cutoff.

**6.  Evidence Preservation**

Parties have reviewed this District's Guidelines for the Discovery of Electronically Stored Information and have agreed, pursuant to Fed. R. Civ. P. 26(f), to take reasonable and proportionate steps to preserve evidence relevant to the issues reasonably evident in this action.

**7.  Disclosures**

The Parties agree to make their initial disclosures by June 30, 2021.

**8.   Discovery**

   **(a)   Timing/Stay of Discovery**

In light of Molina's pending Motion to Dismiss and Plaintiff's acknowledgment that Molina did not make the calls at issue, Molina respectfully submits that discovery (at least as to Molina) should be stayed pending the Court's resolution of the pending Motion to Dismiss, including Molina's deadline for responding to the discovery Plaintiff served on June 11, 2021. Plaintiff responds that a stay of discovery is not warranted. In fact, discovery is necessary for Plaintiff to refute Molina's contention that CR Insurance was not acting as its agent.

   **(b)   Scope of Discovery**

The scope of discovery is anticipated to include all non-privileged matters relevant to the claims, counterclaims (if any), and defenses (if any) in this action. Discovery will include written discovery—including interrogatories and requests for admission, document production, and depositions deemed necessary under the Federal Rules of Civil Procedure. The parties do not currently anticipate any issues about claims of privilege.

On June 11, 2021, Plaintiff served Defendants with an initial set of requests for production of documents. Plaintiff anticipates taking discovery on, *inter alia*, the following topics:

- Defendants' use of an artificial or prerecorded voice to call consumers.
- The relationship between Molina and CR Insurance.
- Any consent that Defendants procured to call Plaintiff or other consumers using an artificial or prerecorded voiced.
- Defendants' efforts to comply with the TCPA, and its willing/knowing violations thereof.
- Consumer complaints about Defendants' calls.
- Government investigations into Defendants' calls.
- Defendants' call logs.

CR Insurance Group, anticipates taking discovery on, *inter alia*, the following topics:

- Personal jurisdiction.
- The facts alleged by Plaintiff regarding the alleged activities and relationship of the Defendants.
- The claims and defenses raised in the pleadings.

- The topics raised by Plaintiff and Molina.

Molina anticipates taking discovery on, *inter alia*, the following topics:

- The identity of Plaintiff's roommate who allegedly spoke with CR Insurance.
- The contextual circumstances surrounding the alleged conversations between Plaintiff's roommate and CR Insurance.
- The use of Plaintiff's unused debit card by Plaintiff's roommate.
- The content of the alleged 24 calls made to Plaintiff.
- CR Insurance's practices and procedures related to this matter.
- Other facts underlying Plaintiff's allegations in the Complaint.

**(c)    Discovery of ESI and Protective Order**

The Parties anticipate the need for a protective order to govern treatment of confidential, proprietary, and trade secret information at issue in the Action and protection needed for all parties to this action.  The Parties have agreed to meet and confer regarding the entry of a protective order based on the Northern District's Stipulated Protective Order for Standard Litigation to govern the production and use of documents and information in this litigation, and will prepare a joint proposed protective order for the Court's approval.  The Parties have further agreed to meet and confer regarding a protocol for the production of ESI ("ESI protocol").  The Parties are currently unaware of any issues relating to the disclosure or discovery of electronically stored information but will agree to address any issues in the event they arise.

**9.    Class Actions**

Plaintiff intends to move for class certification at the end of fact discovery.  Dates related to briefing are set out below under (17) Scheduling.

**10.    Related Cases**

There are no known related cases.

1   **11.    Relief**

2         Plaintiff seeks statutory damages under the TCPA of $500 per call, or $1,500 per call if

3   Defendants violated the TCPA knowingly and/or willfully.

4         Molina seeks an order dismissing Plaintiff's claims and reserves the right to seek

5   additional relief if the motion to dismiss is denied and Molina answers the Complaint.

6   **12.    Settlement and ADR**

7         The parties have not begun settlement negotiations and believe that a settlement

8   conference would be premature at this time.  However, the parties are willing to discuss ADR and

9   private mediation options at an early opportunity.

10  **13.    Consent to Magistrate Judge for All Purposes**

11        The parties do not consent to have a magistrate judge conduct all further proceedings

12  including trial and entry of judgment.

13  **14.    Other References**

14        The Parties do not believe that this case is suitable for reference to binding arbitration, a

15  special master, or the Judicial Panel on Multidistrict Litigation.

16  **15.    Narrowing of Issues**

17        The Parties are presently unaware of any stipulations or agreements that could narrow the

18  issues at this time.

19  **16.    Expedited Trial Procedure**

20        The Parties do not believe that this case is suitable for the Expedited Trial Procedure of

21  General Order 64, Attachment A.

22  **17.    Scheduling**

23        The parties propose the following schedule for the case (to be elongated if the Court

24  grants a stay of discovery pending resolution of Molina's Motion of Dismiss, as Molina requests

25  in Paragraph 8(a) above:

| DATE | EVENT |
| --- | --- |
| June 30, 2021 | Initial Disclosures |
| February 4, 2022 | Non-Expert Discovery cutoff |

| | |
|---|---|
| February 25, 2022 | Plaintiff to move for class certification; Parties to exchange Rule 26 expert disclosures |
| March 25, 2022 | Defendants to oppose class certification; Parties to exchange rebuttal expert disclosures |
| April 8, 2022 | Plaintiff to file reply in support of motion for class certification; Parties to exchange expert replies |
| April 29, 2022 | Expert discovery cutoff |
| May 27, 2022 | Deadline for dispositive motions |
| November 1, 2022 at 1:30 PM | Final Pre-trial Conference |
| December 13, 2022 | Trial |

18. **Trial**

Plaintiff requests a jury trial. Though it is difficult to estimate the length of the trial at this stage, the Parties preliminarily anticipate that the trial will last 7-10 court days excluding jury selection.

19. **Disclosure of Non-Party Interested Entities or Persons**

Molina filed its Certificate of Interested Entities on May 24, 2021. ECF No. 19. CR Insurance filed its Certificate of Interested Entities on May 26, 2021. ECF No. 22.

20. **Professional Conduct**

The Parties and their counsel have reviewed the Guidelines for Professional Conduct for the Northern District of California.

21. **Other**

The Parties do not have anything to add at this time regarding the just, speedy and inexpensive disposition of this matter.

Dated: June 17, 2021                    Respectfully submitted,

**BURSOR & FISHER, P.A.**

By:   /s/ *Frederick J. Klorczyk III*
          Frederick J. Klorczyk III

Frederick J. Klorczyk III (State Bar No. 320783)

|   |   |
|---|---|
|   | 888 Seventh Avenue<br>New York, NY 10019<br>Telephone: (646) 837-7150<br>Facsimile: (212) 989-9163<br>E-mail: fklorczyk@bursor.com |
|   | *Attorneys for Plaintiff* |
| Dated: June 17, 2021 | **COOLEY LLP**<br><br>By:   /s/ *Kathleen R. Hartnett*<br>         Kathleen R. Hartnett<br><br>Kathleen R. Hartnett<br>Sharon Song<br>3 Embarcadero Center, 20th Floor<br>San Francisco, California 94111-4004<br>Telephone: +1 415 693 2000<br>Facsimile: +1 415 693 2222<br><br>*Attorneys for Defendant Molina Healthcare, Inc.* |
| Dated: June 17, 2021 | **ELP GLOBAL, PLLC**<br><br>By:   /s/  *Brian D. Horwitz*<br>         Brian D. Horwitz<br><br>Brian D. Horwitz<br>7901 Kingspointe Parkway, Suite 8<br>Orlando, FL 32819<br>Telephone: (407) 373-9690<br><br>*Attorneys for Defendant CR Insurance, LLP* |